## I. B. WALKER v. EL PASO ELECTRIC RAILWAY COMPANY.

### No. 2032.    Decided March 23, 1910.

**1.—Master and Servant—Exchange of Workmen between Employers.**

Where, a workman employed by one master was hired by him temporarily to another to do work for the latter, which paid therefor his wages for the time he was so employed, it is questioned whether the act of the foreman of the lending employer in telling him what was to be done and how he was to do it, such foreman not being present at or directing the work was such retention of control over the employee as to render him still the servant of the one so hiring and lending him and thereby entitle him to recover from the employer in whose work he was engaged for an injury by the negligence of another servant of that employer, engaged with him in that work and who was his fellow servant, if both should be held to be servants of the same master. (Pp. 261, 262).

**2.—Same—Pleading.**

Pleading, by a servant of one employer by whom he was loaned to another to do its work, in which he was injured by negligence of a servant of the latter company, considered and held not to allege such retention of control and direction over him by the original employer as to make him still its servant and not that of the employer whose work he was doing. (Pp. 262, 263).

**3.—Same—Charge.**

An instruction that a servant of one employer loaned to and working about the business of another and injured by negligence of the servant of the latter, could not recover against the latter because the negligent employee was his fellow servant, was not erroneous in omitting to submit the question of whether the first employer had retained such control over plaintiff's actions as to make him still its servant and not that of the one whose work he was doing and by the negligence of whose servant he was injured, where the pleadings did not allege such retention of control and direction by the first employer. (Pp. 262, 263).

Error to the Court of Civil Appeals for the Fourth District in an appeal from El Paso County.

Walker sued the El Paso Electric Railway Company and appealed from a judgment in favor of defendant. On affirmance he obtained writ of error.

*Patterson, Buckler & Woodson,* for plaintiff in error.—The last paragraph of the special charge was erroneous in that it assumed that the plaintiff was working under the direction and control of the defendant, and was not under the direction and control of his own master; for if the plaintiff was an employee of the Stone & Webster Co., and was at the time of doing the work for the defendant still

under the control and direction of his own master, and not under the direction and control of defendant, he was not the fellow servant of Jasmer, even though the work being done was not for the purpose of expediting the business of his own master. All the evidence showed that plaintiff was an employe of Stone & Webster, and that at the time of doing the work at which he was engaged at the time of his injury he was not under the direction or control of defendant, but that he was working under the direction of his own master; and that being so, this special charge was erroneous in telling the jury that plaintiff and Jasmer were fellow servants if plaintiff was doing the work for defendant and not for Stone & Webster; because even though plaintiff may have been doing the work for the defendant solely, yet unless he was at the time out from under the control and direction of his own master, Stone & Webster, he was not the fellow servant of Jasmer. If it were conceded that he was working at the time upon the particular piece of work at the request of the employes of the defendant, yet if he was doing so at the command or direction of his own master, and remained under the control and direction of his own master, he was not a fellow servant with Jasmer. Railway v. Easton, 2 Texas Civ. App., 378; Louisville & N. Ry. v. Martin, 87 S. W., 418; Ziegler v. Danbury & N. Ry., 52 Conn., 543; Brennan v. Berlin Iron Co., 50 Atl., 1030; Delaware, L. & W. Ry. v. Hardy, 34 Atl., 986; Kelly v. Tyra, 114 N. W., 750; 1 Shear. & Red., Neg., sec. 225; 1 Labatt, Mas. & Ser., sec. 490; Thompson, Neg., sec. 5004; 26 Cyc., 1285.

There being no evidence that the plaintiff had any knowledge of any understanding or agreement between defendant and Stone & Webster by which the servants of one were to do the work for the other, such agreement, even if it existed, was not binding on plaintiff, and did not constitute him a fellow servant with the employes of defendant. Missouri, K. & T. Ry. v. Ferch, 18 Texas Civ. App., 46; Shear. & Red., Neg., sec. 225; Louisville & N. Ry. v. Martin, 87 S. W., 423; Ziegler v. Danbury & N. Ry., 52 Conn., 543; Brenan v. Iron Co., 50 Atl., 1033.

Where a servant of one master goes (at request of servants of another master or voluntarily) to assist the servants of another master in the doing of a particular piece of work, and the doing of said work inures to the benefit of his own master, he is not a fellow servant of the servants of the other master, even though his own master did not direct or require him to assist such other servants. Easton v. Sabine & E. T. Ry. Co., 65 Texas, 577; Labatt, Mast. & Serv., sec. 632; Thompson on Neg., secs. 4984, 4986.

*Beall & Kemp, Leigh Clark* and *Nagle & Scott, (Baker, Botts, Parker & Garwood,* of counsel), for defendant in error.—When one person lends his servant to another for a particular employment, the servant, for anything done in that particular employment, must be dealt with as a servant of the man to whom he is lent, although he remains the general servant of the person who lent him; and if the servant receives injuries in such employment, from the negligence of a servant of the person to whom he is lent, he can not

recover therefor. 26 Cyc., 1285; Delory v. Blodgett, 102 Am. St. Rep., 328; Hasty v. Sears, 34 Am. St. Rep., 267; Higgins v. W. U. Tel. Co., 66 Am. St. Rep., 537; Ewan v. Lippincott, 54 Am. Rep., 148; Bailey on Personal Injury to Servants, sec. 3186; Missouri Pac. Ry. v. Jones, 75 Texas, 151.

The allegations of plaintiff's petition and the evidence showed that plaintiff was doing the work for and under the direction of defendant, and that he was a fellow servant of Jasmer. Bosse v. Cadwallader, 86 Texas, 336; Graham v. Henry, 17 Texas, 167; Bourke v. Vanderlip, 22 Texas, 222; Walker v. Burks, 48 Texas, 206.

The uncontroverted evidence showed that there was a common agreement and mutual understanding between defendant and the Stone & Webster Engineering & Construction Company that when either of said companies should request the services of the employes of the other company such employes should be furnished, and their time should be billed against the company to whom such employes were so lent or hired; and under the pleadings and evidence in the case, if plaintiff was not lent or hired to defendant to expedite the business of Stone & Webster Engineering Corporation, plaintiff and Jasmer were fellow servants, and plaintiff could not recover. San Antonio & A. P. Ry. Co. v. Taylor, 35 S. W., 855; Missouri Pac. Ry. Co. v. Jones, 75 Texas, 151; Gulf, C. & S. F. Ry. v. Dorsey, 66 Texas, 148.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

The plaintiff in error, who was the plaintiff in the lower courts, was in the employ of Stone-Webster Engineering Corporation and was working for such corporation in the same enclosure where the work of the electric railway company was going on. But there was no connection between the work of the Stone-Webster Corporation and that of the electric railway company. There was some arrangement between the companies for the exchange of workmen between them but plaintiff in error knew nothing of this. Upon request of the workmen of the electric railway company for help in fixing the dynamo or electric generator, the plaintiff in error was directed by his superintendent to assist in fixing the instrument and went without protest on his part. While serving in fixing the dynamo he was struck upon his hand, as he alleges, through the negligence of one Jasmer, who was a servant of the electric company and was assisting in the same work, and his fingers were crushed with the result that some joints of them were lost. Whose servant was plaintiff in error at the time of his injury? If he was the servant of the electric railway company, then Jasmer was his fellow servant, and he can not recover for his negligence. There was testimony, undisputed, to show that in the arrangement between the two companies, when one company hired to the other a servant to do the work of that other, the hiring company was to pay his wages for the time that he was employed in doing the work. That the plaintiff in error did not know of this arrangement we apprehend makes no difference. He knew the work he was directed to do was not the work of the Stone-Webster Corporation Company. He and Jasmer were engaged on

the same piece of work and were working to a common purpose and were paid by the same master and hence were fellow servants. Was the work being done for the purpose of expediting the business of the Stone-Webster Corporation? The evidence was that the dynamo for the repairing of which the work was being done had got out of repair and would not work, and that to get it in order so that the work of the street railway company should go on it should be repaired. They had another dynamo, which was capable of doing this work, but it was probably not adequate to every emergency. In order to do this expeditiously they hired the plaintiff in error to assist in the work. The only way in which the Stone-Webster Corporation was affected by the work was that they were making new dynamos for the electric company and may have been compelled to press that work, if the old dynamo was not fixed. The evidence that the plaintiff in error did the work under the direction of the superintendent of the Stone-Webster Corporation Company was as testified to by plaintiff in error, "I had my directions from Mr. Ralph, my employer, superintendent of the Stone-Webster Corporation. He directed me what to do on the old machine and I followed his instructions."

The first assignment of error complains of the giving of a requested charge for the defendant. The charge told the jury that if at the time of plaintiff's injury he was an employe of the Stone-Webster Engineering Corporation Company but was requested by employers of defendant and directed by Ralph, superintendent of Stone-Webster Engineering Corporation Company, to assist in making the repairs on the dynamo and that in compliance with said request he was making repairs together with one Jasmer, an employe of defendant, and that at the time of his injury he was doing the work with Jasmer for the defendant company and not for the purpose of expediting the business of the Stone-Webster Engineering Corporation, then that plaintiff and Jasmer were fellow servants and plaintiff could not recover for Jasmer's negligence. It is first objected to this charge that it omitted to state the issue of whether plaintiff in error was doing his work under the direction of his employer Ralph. When Ralph gave him directions as to the repair of the dynamo he does not say—presumably it was at the time he told him to go and to fix the appliance. He does not say that when he went to do the work Ralph went with him, and it appears from the testimony of other witnesses that when the work was done no one was present but the employes of the electric railway company. So that it appears that Ralph did not give him instructions as the work progressed. The coil of the dynamo or generator had burned out and it was necessary to put in a new one. That the work was to be done and how to do it, is in our opinion a very different thing from directing the work as it was done. Does the fact that, when a servant is hired by one person to do a work, his first employer tells what is to be done and how he is to do it, so change the relation of the parties as that the servant remains the servant of his first employer? I think not. Such are my individual views of this question, but the other members of the court are not prepared to concur. But the plaintiff, after pleading the facts and the defendant having

set up the defense that plaintiff and Jasmer were fellow servants, filed a supplemental petition in which he replied that the work he was sent to do "was in furtherance of and to expedite the business of the Stone-Webster Engineering Corporation," without a word as to his having done it under the direction of Ralph, the superintendent of the latter company. The original petition it is true alleges that the work was being done "at the request and under the direction of Gould and the employes of the defendant who had charge of and supervision of said work and acting also under the supervision of said Ralph, the superintendent and manager of the Stone-Webster Engineering Corporation." This leaves it doubtful as to the meaning as to who was directing the work—that is, whether the servants of the electric railway company or the superintendent of the Stone-Webster Engineering Corporation, so that we think that the question of Ralph's direction was not an issue in the case.

We deem it sufficient to say as to the other assignments in the application that in our opinion they point at no error.

The judgment is affirmed.

*Affirmed.*